■ RICHARD W. CROSSON et al., Appellants, v. TERESA G. MIELCAREK, Respondent.— Judgment unanimously reversed on the law and facts, with costs, and verdict of the jury reinstated. Memorandum: In this action for specific performance of a contract for the sale of real property the verdict of the jury in plaintiffs' favor was set aside by the trial court and the complaint dismissed. The defendant claimed that she was induced to enter into the agreement through fraud and misrepresentation and on this issue the jury determined that she had failed to prove this defense. This was purely a quesion of fact for the jury and its determination of this issue was substantially supported by the evidence. Defendant interposed certain legal defenses, namely that one of the plaintiffs was an infant at the time of the making of the agreement and lacked capacity to transfer real property under section 11 of the Real Property Law, and that the contract was violative of section 259 of the Real Property Law (now General Obligations Law, § 5-703, subd. 2) in that it was not "subscribed by the party to be charged". Both of these defenses must fail. The contract called for the execution and delivery of the deed after the date when the infant became twenty-one and the deed tenderd by the plaintiffs was executed by the infant-plaintiff after she had reached her majority. Since the infant had not disaffirmed the contract and had ratified and affirmed it by the execution of the deed, the fact that she was an infant when the contract was made

does not inure to defendant's benefit. Section 259 of the Real Property Law requires only that the contract be signed by the party to be charged, which in this case is the defendant. Therefore, whether the contract was signed by either plaintiff is immaterial, since their signatures are not required. (See, 1944 Report of N. Y. Law Rev. Comm., pp. 75–89.) The verdict of the jury in plaintiffs' favor should be reinstated and defendant required to perform the contract of purchase. (Appeal from judgment of Erie Trial Term dismissing complaint on the merits in a specific performance action-real property.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.